UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL NO. 9:04CR44 |
| SHAUN KEVIN BOOTH | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Now before the court is Shaun Kevin Booth's ("Booth") motion for good time credits pursuant to 18 U.S.C. § 3585(b). (Doc. 20). However, movant is not entitled to any credit under 18 U.S.C. § 3585(b), and even if he were, the court could not properly afford him relief because he has not exhausted the necessary administrative remedies before bringing his request before the court. For these reasons, which will be more fully discussed below, the court RECOMMENDS that Booth's motion be DENIED.

Booth plead guilty to felony common law robbery in the Orange County Superior Court on January 6, 2000 (Cause Number 98CRS014311), and was sentenced to 13 to 16 months in prison. On February 2, 2000, he plead guilty to felony common law robbery in Durham County (Cause Number 98CRS54004), and the court consolidated the charge with the charge from Orange County. On the same day, February 2, 2000, Booth plead guilty to another count of felony common law robbery in Durham County (Cause Number 98CRS544466) and was sentenced to 14 to17 months imprisonment, to be served consecutively to the 13 to 16 month sentence imposed by the court in Orange County. On July 28, 2004, after Booth was released from prison in North Carolina, the government brought an information charging him with one count of felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). Booth plead guilty the same day, and the Honorable Judge Clark sentenced him to a term of 120 months of imprisonment, 2 years supervised release, and a $100.00 special assessment.

In his motion, Booth argues 18 U.S.C. §3585(b) entitles him to 72 months of good time credit against the sentence he is currently serving for felon in possession of a firearm. Although it is unclear exactly how he arrived at this amount, a plain reading of the statute prevents him from receiving any credit against this term of imprisonment for time served in North Carolina related to the felony robbery convictions. 18 U.S.C. §3585(b) provides that, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. Booth has not shown that he is entitled to credit under either 18 U.S.C. §3585(b)(1) or (2).

In order to receive good time credits under 18 U.S.C. §3585(b)(1), movant would have to show that he spent time in official detention as a result of the felon in possession of a firearm charge before he began serving the sentence for that charge. However, in his motion, Booth summarizes time he served in prison related to robbery convictions that have no relation to the sentence imposed for being a felon in possession of a firearm. The two offenses are wholly distinct for the purposes of 18 U.S.C. §3585(b)(1), which is meant to ensure that a defendant receives credit for all of the time he spends in official detention as a result of a particular offense. Booth does not argue that he did not receive credit for time spent in official detention related to the felon in possession of a firearm before being sentenced for that offense, therefore, he is not entitled to credit toward his sentence under 18 U.S.C. §3585(b)(1).

In order to receive good time credits under 18 U.S.C. §3585(b)(2), movant would have to show that he served time on a charge that he was arrested on after committing the offense of felon in possession of a firearm. Movant points out felony common law robbery charges that were brought against him in November of 1998, which eventually lead to the entry of three guilty pleas in February

2000. However, the information charging him with being a felon in possession of a firearm was filed on July 28, 2004, which was after Booth was arrested for robbery. As the arrests for robbery occurred before he committed the offense of felon in possession of a firearm, he is not entitled to credit for time served as a result of the robbery charges under 18 U.S.C. §3585(b)(2).

The movant's confusion appears to be rooted in a misunderstanding of the relationship between his prior felony robbery convictions and the charge of felon in possession of a firearm under 18 U.S.C. 922 (g)(1). The charge of felon in possession of a firearm requires that the person possessing the firearm have been convicted of a felony, which is a crime punishable by more than 1 year in prison. Booth was convicted of felony common law robbery in Orange County Superior Court, Orange County, North Carolina (Cause Number 1998CRS014311) on January 6, 2000, and on January 28, 2004, he knowingly and unlawfully possessed a firearm. (See Doc. 4, Charging Information filed April 26, 2004). Booth's prior felony conviction is one of the elements of the crime for which he has been sentenced, but the sentence he served for the underlying felony is immaterial to the court's analysis of 18 U.S.C. 3585(b).

In addition, Booth's motion is not properly before the court because he has not exhausted the necessary administrative remedies before filing this motion with the court. The Supreme Court has held that 18 U.S.C. 3585(b) does not authorize a district court to compute credit for time spent in official detention at sentencing, but that credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing. *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Prisoners may then seek administrative review of the computations of their credit, see 28 C.F.R. § 542.10-542.16 (1990), and, once they have exhausted their administrative remedies, prisoners may only then pursue judicial review of these computations. *Id*; *U.S. v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992).

As Booth's motion is not properly before the court, and if it were properly before the court, would not entitle him to relief under 18 U.S.C. §3585(b), the court RECOMMENDS that the motion for good time credits (Doc. 20) be DENIED.

A party's failure to file objections to the findings, conclusions, and recommendations contained in this Report within ten days after service with a copy thereof shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED** this  7  day of **December, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE